# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CURTIS LEE GRAY,                         )
                                         )
                Petitioner,      )
                                         )
            v.                )     1:11CV91
                                         )
ROBERT C. LEWIS,                         )
                                         )
                Respondent.      )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) On October 26, 2009, in the Superior Court of Rockingham County, Petitioner pled guilty to having attained habitual felon status and to habitual driving while impaired in cases 08 CRS 53675 and 08 CRS 4256 and received a consolidated sentence of 80 to 105 months of imprisonment. (Id., §§ 1-5.)

Petitioner did not appeal his conviction and sentence. (Id., § 7.) However, on July 12, 2010,[1] Petitioner did file a motion for appropriate relief in Rockingham County, which the state court denied on July 21, 2010. (Id., § 11(a).) Petitioner then petitioned for certiorari with the North Carolina Court of Appeals, which denied his request on September 1, 2010. (Id., § 11(b).) Petitioner next sought certiorari with the North Carolina Supreme Court (on September 13, 2010), which dismissed his petition on

---

[1] Respondent cited July 8, 2010, as the filing date. (Docket Entry 6 at 1.) That date reflects the date Petitioner placed on the signature page for his motion. (Docket Entry 2-1 at 35.) The order denying the motion states that it was filed on July 12, 2010. (Docket Entry 2-1 at 16.) The difference in the two dates does not affect the outcome of the case.

November 4, 2010.  (<u>Id.</u>, § 11(c).)  Finally, on January 26, 2011, Petitioner signed and dated his instant Petition as being given to prison authorities for mailing.  (Docket Entry 2 at 28.)  The Court received the Petition on February 7, 2011.  (See <u>id.</u> at 1.) Respondent has now filed a Motion to Dismiss (Docket Entry 5), while Petitioner has moved for appointment of counsel (Docket Entry 4).  Because, as discussed below, Respondent's Motion to Dismiss should be granted, the motion seeking appointment of counsel will be denied.

### <u>Claims</u>

The Petition raises the following seven claims for relief:

1)  His guilty plea was invalid because he stated that he did not want to plead guilty, but the trial judge continued with the guilty plea anyway (Docket Entry 2, § 12, Ground One);

2)  There was no probable cause for his arrest because he was only "trying to crank the truck" which is "not a violation of any law" (<u>id.</u>, Ground Two);

3)  His right to be free from double jeopardy was violated when a set of early charges was dropped, a Highway Patrol officer got a warrant for habitual driving under the influence, Petitioner was held until the later warrant was secured, and Petitioner was then given a new bond and put back in jail (<u>id.</u>, Ground Three);

4)  Petitioner did not receive a probable cause hearing within fifteen days of the filing of the habitual driving under the influence charge (<u>id.</u>, Ground Four);

5)     A blood sample was illegally taken from Petitioner on the day of his arrest (id., Additional Pages, Ground #5);

6)     Petitioner's bail on the habitual felon charge was excessive (id., Additional Pages, Ground #6); and

7)     Petitioner received ineffective assistance of counsel because his attorney did not appeal the denial of a motion to suppress, did not tell Petitioner that he could appeal that decision, did not move for a "fast and speedy trial," did not "get [a] probable cause hearing within the 15 working days" required by state law, did not interview defense witnesses, incorrectly advised Petitioner to plead guilty, was inexperienced at jury trials, and did not let Petitioner see a motion for discovery and/or the discovery information itself (id., Additional Pages, Ground #7).

## Discussion

Respondent requests dismissal on the ground that the Petition was filed[2] beyond the one-year limitation period imposed by 28

---

[2]"In [Houston v. Lack, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." Id. at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. Cf. United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); but see Smith v. Woodard, 57 Fed. Appx. 167, 167 n.* (4th Cir. 2003) (implying that Houston's rule governed filing date of § 2254 petition); Ostrander v. Angelone, 43 Fed. Appx. 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (i.e., the earliest date he could have given it to prison officials for mailing)
(continued...)

U.S.C. § 2244(d)(1).  In order to assess this argument, the Court

first must determine when Petitioner's one-year period to file his

§ 2254 petition commenced.  In this regard, the United States Court

of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period
> <u>begins to run from</u> the latest of several potential
> starting dates:
>
> (A) <u>the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time
> for seeking such review</u>;
>
> (B) the date on which the impediment to filing an
> application created by State action in violation of the
> Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State
> action;
>
> (C) the date on which the constitutional right asserted
> was initially recognized by the Supreme Court, if the
> right has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered through
> the exercise of due diligence.

<u>Green v. Johnson</u>, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis

added).

The record does not reveal any basis for concluding that

subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case.

As a result, Petitioner's one-year limitation period commenced on

"the date on which the judgment became final by the conclusion of

direct review or the expiration of the time for seeking such

review," 28 U.S.C. § 2244(d)(1)(A).  The Court thus must ascertain

---

[2](...continued)
and the date the Clerk received it would not affect disposition of the timeliness
issue, the Court declines to consider this matter further.

when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended.

In the present case, the trial court entered judgment against Petitioner on October 26, 2009. (Docket Entry 2, §§ 1-5.) Respondent has argued that his conviction became final on that day due to the fact that he pled guilty and did not appeal. (Docket Entry 6 at 3.) Under that scenario, Petitioner's time to file in this Court began to run immediately and continued to run for 259 days until Petitioner filed his motion for appropriate relief on July 12, 2010. (See Docket Entry 2, § 11(a).) Further, even if the time for Petitioner to file an appeal were counted in his favor, it would have expired only fourteen days after his conviction under North Carolina law. See N.C.R. App. P. 4(a). As shown below, this additional fourteen days would not affect the timeliness of the Petition.

Once Petitioner filed his motion for appropriate relief, the one-year limitation period was then tolled for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). In this case, that meant that the one-year period did not begin to run again until the North Carolina Court of Appeals denied Petitioner's petition for certiorari on September 1, 2010. (See Docket Entry 2, § 11(b).) Petitioner did later attempt to file a certiorari petition with the North Carolina Supreme Court.

(See id., § 11(c).) However, that filing did not toll § 2244(d)'s limitation period. See generally Smith v. Woodard, 57 Fed. Appx. 167, 167 n.* (4th Cir. 2003) (holding that "pursuit of collateral review in the North Carolina Supreme Court was improperly filed, and did not toll [Petitioner's § 2254] filing period") (citing Artuz v. Bennett, 531 U.S. 4, 8 (2000))); accord Mitchell v. McDade, 11 Fed. Appx. 351, 352 n.* (4th Cir. 2001); Wilkerson v. Beck, No. 1:07CV802, 2008 WL 2513758 (M.D.N.C. June 20, 2008) (unpublished) (recommendation of Sharp, M.J., adopted by Osteen, Jr., J.), appeal dismissed, 293 Fed. Appx. 208 (4th Cir. 2008), cert. denied, 129 S. Ct. 938 (2009); Williamson v. Jackson, No. 2:07CV9-1-MU, 2007 WL 2669709 (W.D.N.C. Sept. 6, 2007) (unpublished), appeal dismissed, 266 Fed. Appx. 304 (4th Cir. 2008). Therefore, Petitioner's time to file began to run again on September 1, 2010, and expired 106 days later on December 16, 2010. He did not sign and date his Petition as having been mailed until January 26, 2011, about 40 days later. The Petition was obviously out of time under § 2244(d)(1).

In response to Respondent's argument for dismissal of his Petition, Petitioner makes arguments which appear to relate to the doctrine of equitable tolling. (See Docket Entry 8.) The Supreme Court has determined that the one-year limitation period for federal habeas filings is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Here, Petitioner has emphasized first that he is a layman of the law. (Docket Entry 8 at 1.) However, unfamiliarity with the legal process and lack of representation do not constitute grounds for equitable tolling, because they represent ordinary, rather than extraordinary, circumstances for a prisoner. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner also has implied that his time to file should be tolled because there are no law libraries in the North Carolina prison system and North Carolina Prisoner Legal Services, which represents prisoners in lieu of them having law libraries, delayed before deciding to take his case. (See Docket Entry 8 at 1-3.) However, this Court and others have previously held that such complaints do not warrant equitable tolling. Hood v. Jackson, No. 5:10-HC2008-FL, 2010 WL 4974550 (E.D.N.C. Dec. 1, 2010) (unpublished) (citing cases); Dockery v. Beck, No. 1:02CV00070, 2002 WL 32813704, at *2 (M.D.N.C. Aug. 1, 2002) (Beaty, J., adopting recommendation of Eliason, M.J.) (unpublished).

Petitioner has asserted as well that mail is not delivered to the prisons on Saturday and that North Carolina prisons do not make copies (such that Petitioner had to mail materials out for copying). Again, these considerations reflect ordinary circumstances faced by all prisoners in North Carolina, rather than extraordinary circumstances that would justify equitable tolling. Numerous other prisoners regularly submit timely petitions despite

these conditions.  Petitioner has failed to explain how, with due diligence, he could not have overcome these obstacles and filed a timely petition.  In the end, none of the arguments that Petitioner has made entitle him to equitable tolling.  His Petition is untimely and should be dismissed.

**IT IS THEREFORE ORDERED** that Petitioner's motion seeking appointment of counsel (Docket Entry 4) is **DENIED.**

**IT IS RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 5) be **GRANTED**, that the Habeas Petition (Docket Entry 2) be **DENIED**, and that Judgment be entered dismissing this action.

    /s/ L. Patrick Auld    
**L. Patrick Auld**
**United States Magistrate Judge**

September 9, 2011